UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
INDEMNITY INSURANCE COMPANY OF          :       ECF CASE
NORTH AMERICA as subrogee of Diebold
Nixdorf Inc.,                                                       :

                Plaintiff,             :       **COMPLAINT**
  - against -
                                                         :

GEODIS USA, LLC; GEODIS FF GERMANY
GMBH & CO. KG; ASL AIRLINES BELGIUM,      :

                Defendants.
-----------------------------------------------------------------x

Plaintiff, through its undersigned attorney, alleges as follows for its complaint against Defendants upon information and belief:

1. Plaintiff seeks recovery of compensatory damages arising from damage to a shipment of kiosk terminals and accessories which was transported in international air transportation from Germany to the United States by way of New York.

2. Plaintiff Indemnity Insurance Company of North America (hereinafter "Plaintiff" or "IINA") is a Pennsylvania corporation with its principal place of business in Philadelphia and sues herein as subrogee and assignee of Diebold Nixdorf, Inc. [not a party to this action] who was at all material times the purchaser, owner, and consignee of the subject shipment, the named consignee on the lead air waybill, and the entity which sustained the direct losses as a result of the cargo damage.

3. Defendant Geodis USA, LLC ("Geodis USA"), formerly named Geodis USA, Inc., is believed to be a Pennsylvania limited liability company with its headquarters at Philadelphia. At all material times Geodis USA was a service provider for Plaintiff's subrogor. For the subject shipment the services provided included

activities which qualify it as a carrier as defined in the air waybill. Geodis USA is also identified as the import agent for Geodis FF Germany GmbH & Co. KG (hereinafter "Geodis Germany") and assumed carrier responsibilities for the Shipment including but not limited to the motor carrier delivery of the Shipment to the final destination by its designated subcontractors.

4. Defendant Geodis Germany is believed to be a corporation organized under the laws of, and with its principal place of business in, the Federal Republic of Germany. At all material times Geodis Germany was engaged in the business of an indirect air carrier of cargo and conducted business in the United States, including in the State of New York and through various subcontractors and agents, including but not limited to Geodis USA, and provided certain such services in New York with respect to the Shipment.

5. Defendant ASL Airlines Belgium (hereinafter "ASL") is believed to be a corporation organized under the laws of, and with its principal place of business in, the Kingdom of Belgium. At all material times ASL was engaged in the business of an air carrier of cargo for hire and conducted business in the United States, including in the State of New York, and provided certain such services in New York with respect to the Shipment.

6. This action arises under a treaty of the United States, specifically the Convention for Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, reprinted in S. Treaty Doc. No 106-45, 1999 WL 33292734 (2000) (entered into force Nov. 4, 2003) ("Montreal Convention").

7. This Court also has federal question subject matter jurisdiction pursuant to 28 U.S.C.A. §1331 as the claims in suit arise in whole or in part under federal law, including federal common law, and/or are supplemental claims within the meaning of 28 U.S.C. § 1367 to certain of the foregoing claims.

8. Venue and jurisdiction are proper pursuant to the Montreal Convention and 28 U.S.C. § 1391 as the subject transportation involved certain custody and carriage in, to and/or through New York and upon information and belief the subject cargo damage occurred *inter alia* in whole or in part in relation to such New York activities.

9. This action arises from damage to a shipment of kiosk terminals and accessories with a chargeable weight of 8063 kilograms which was in good order and condition when received by or on behalf of the Geodis Defendants at the ex works place of receipt in Germany and which moved from there to the United States as further described in Geodis Germany Air Waybill DUSA21054585 and ASL Air Waybill 75616986126 both dated on or about July 1, 2021, and others. (hereinafter "the Shipment")

10. The air waybills were issued "clean" and without exception or notation as to damage or other irregularity and represented that the Shipment was to be carried from Kolleda, Germany, to North Canton, Ohio, by way of Liege and New York.

11. The duties and responsibilities of the Geodis Defendants included the pickup of the Shipment at the Shipper's premises at Kolleda, Germany.

12. During the course of transportation, handling, and/or storage by Defendants, or entities acting on their behalf, the Shipment sustained damage, including

but not limited to wetting damage, which rendered the kiosks and accessories unfit for intended distribution, sale and end usage.

13. When the Shipment was delivered to the consignee's receiving facility on or about July 16, 2021 the Shipment was in wet and damaged condition and a damage exception was noted at that time.

14. Plaintiff's subrogor also transmitted a written complaint to Geodis USA disclosing *inter alia* that the Shipment was in wet and damaged condition.

15. As a result of the foresaid conditions the Shipment was rendered unfit for intended distribution, sale and usage.

16. As a result of the aforesaid, Plaintiff, and those on whose behalf it sues, sustained damages in the amount of $502,095.42, no part of which has been paid although duly demanded.

17. Plaintiff has complied with all conditions precedent required of it under the premises and sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

18. Each cause of action herein is pled in the alternative.

## FIRST CAUSE OF ACTION
### (Breach of Contract and Montreal Convention Air Treaty)

19. Plaintiff repeats and realleges the allegations in paragraphs 1 through 18 of this complaint.

20. This cause of action arises under the Montreal Convention.

21. For agreed consideration consisting of enhanced freight fees and other charges, Defendants contracted to provide specialized care for the Shipment during all

periods of custody and carriage, and to transport the Shipment from the place of receipt in Germany to the place of delivery in the United States.

22. Defendants breached their duties and obligations under the carriage contracts, the air waybills, and under the Montreal Convention, by failing to provide the requisite care for the Shipment during carriage from the place of receipt in Germany to the place of delivery in the United States.

23. As a proximate result of the conditions to which the Shipment was exposed during the custody of Defendants and/or entities acting on their behalf, the kiosks and accessories sustained damage, including but not limited to wetting damage, and could not be distributed, sold, or used as intended.

24. By reason of the aforesaid Plaintiff, and those on whose behalf it sues, has sustained damages in the amount of $502,095.42 no part of which has been paid although duly demanded.

## SECOND CAUSE OF ACTION
### (Breach of Bailment Obligations)

25. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 5 and 7 through 18 of this complaint.

26. At the time the aforementioned cargo damage occurred Defendants were acting as bailees of the Shipment and in their own capacity, or through contractors, agents, servants or sub-bailees, had the duty to safely and properly keep, care for and deliver the Shipment in the same good order and condition as when entrusted to it at the place of receipt.

27. Defendants also had a duty to ensure that the services provided for the Shipment were performed with reasonable care and in a non-negligent and workmanlike manner.

28. Defendants, and/or entities acting on their behalf, breached the aforesaid duties and obligations and negligently redelivered the Shipment in damaged condition to the consignee at destination.

29. By reason of the aforesaid Plaintiff, and those on whose behalf it sues, has sustained damages in the amount of $502,095.42 no part of which has been paid although duly demanded.

### THIRD CAUSE OF ACTION
### (Negligence and/or Recklessness, and/or Willful Misconduct)

30. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 5 and 7 through 18 of this complaint.

31. At all material times the Defendants had a duty in relation to the Shipment to properly handle, carry, monitor, protect, store and care for the cargo in question.

32. The damage to the Shipment was caused by Defendants' negligence, recklessness, wanton neglect, and willful misconduct in that it, and its agents, servants, sub-carriers, participating carriers, subcontractors, terminal operators, truck drivers, warehousemen and employees failed to properly handle, carry, monitor, protect, store and care for the cargo in question.

33. By reason of the aforesaid Plaintiff, and those on whose behalf it sues, has sustained damages in the amount of $502,095.42 no part of which has been paid although duly demanded.

### FOURTH CAUSE OF ACTION
### (Breach of Contract/Federal Common Law)

34. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 5 and 7 through 18 of this complaint.

35. By reason of the foregoing, Defendants breached their duties and obligations under the carriage contracts, the air waybills, and under federal common law, by failing to provide the requisite care for the Shipment during carriage from the place of receipt in Germany to the place of delivery in the United States, including any land carriage segments of such transportation.

36. By reason of the aforesaid Plaintiff, and those on whose behalf it sues, has sustained damages in the amount of $502,095.42 no part of which has been paid although duly demanded.

WHEREFORE, Plaintiff respectfully demands judgment against Defendants jointly and severally

    (a)    for the sum of $502,095.42;

    (b)    for prejudgment interest at the rate of 9% *per annum;*

    (c)    for the costs of this action, including reasonable attorneys' fees;

    (d)    for such other and further relief as deemed proper and just.

Dated: Larchmont, New York
July 8, 2022

                                  Law Office,
                                  David L. Mazaroli

                                  *s/David L. Mazaroli*

                                  _____
                                  David L. Mazaroli
                                  Attorney for Plaintiff
                                  250 Park Avenue – 7th Floor
                                  New York, NY 10177
                                  Tel.: (212)267-8480 Fax.: (212)732-7352
                                  E-mail: dlm@mazarolilaw.com